**Santos ARMENTA–SOTO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71092.

INS No. A74–320–246.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001[1].

Decided March 26, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Santos Armenta–Soto, a native and citizen of Mexico, petitions pro se for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for suspension of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, see Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), see Avetova–Elisseva v. INS, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We deny the petition for review.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in IIRIRA—bars such relief in his case.

Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in Ram v. INS, 243 F.3d 510 (9th Cir.2001). We do not consider petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with Barahona–Gomez v. Reno, 167 F.3d 1228 (9th Cir.1999), supplemental opinion, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in Barahona–Gomez.

PETITION FOR REVIEW DENIED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.